Priority Send  [X]
Enter
Closed  [X]
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
ERK, U.S. DISTRICT COURT
JUN 2 8 2000
RAL DISTRICT OF CALIFORN
DEPU

ENTERED
CLERK, U.S. DISTRICT COURT
JUN 28 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON CAPITAL CORPORATION,              )<br>                                       )<br>              Plaintiff,              )<br>                                       )<br>         v.                            )<br>                                       )<br>JOHN ANDREWS, E-AUCTION GLOBAL         )<br>TRADING, INC. (a Nevada                )<br>Corporation), E-AUCTION GLOBAL         )<br>TRADING, INC. (a Barbados              )<br>Corporation), E-MEDSOFT.COM, E-        )<br>NET GLOBAL FINANCIAL SERVICES,         )<br>INC., KZARI INTERNATIONAL, INC.,       )<br>SHANE MAINE, SHAUN MAINE, JOHN         )<br>McLENNAN, QFG HOLDINGS LIMITED,        )<br>VENTURES NORTH INTERNATIONAL,          )<br>INC., JEFF WHEELER, AND 582976         )<br>BC LTD.,                               )<br>                                       )<br>              Defendants              )<br>                                       )<br>      and                              )<br>                                       )<br>SANGA INTERNATIONAL INC., as a         )<br>Nominal Defendant.                     )<br>                                       ) | CV 99-12044 RSWL<br><br>**ORDER (1) VACATING ORDER OF DISMISSAL; (2) STAYING ACTION PENDING BANKRUPTCY PROCEEDINGS; AND (3) REMOVING CASE FROM ACTIVE CASE LOAD.** |

✓ Docketed
✓ Copies / NTC Sent
___ JS-5 / JS-6
___ JS-2 / JS-3
[X] CLSD

Plaintiff Icon Capital Corporation ("Icon") filed this derivative

1

(15)

action[1] on November 17, 1999. On November 29, 1999, Sanga International, Inc. ("Sanga") filed a voluntary petition for bankruptcy in the United States Bankruptcy Court, Central District of California, Case No. SV 99-23671 AG.[2]

On March 6, 2000, this Court entered an Order to Show Cause why the action should not be dismissed for lack of prosecution. Plaintiff filed a written response notifying the Court that nominal defendant Sanga had filed for bankruptcy and that the action was thus subject to the automatic stay provisions of 11 U.S.C. § 362. On April 27, 2000, after being provided with a copy of the bankruptcy petition, the Court entered an order staying the action and removing the case from the active caseload as to nominal defendant Sanga. The Court also, however, entered an order dismissing the action without prejudice as to all other defendants--except Sanga--for failure to prosecute.

On June 2, 2000, Plaintiff filed a "Request to Set Aside Order re Dismissal," asking that the Court set aside the order dismissing the action as premature.

After carefully reviewing Plaintiff's papers, as well as the entire case file in this matter, the Court concludes that, as an asset

---

[1] "A stockholder's derivative suit is brought to enforce a cause of action which the corporation itself possesses against some third party." Jones v. H.F. Ahmanson, 1 Cal.3d 93, 106-07, 81 Cal. Rptr. 592 (1969).

[2] Although a Notice of Stay was filed in the related case, Sanga International, Inc. v. Shane Maine, et al., Case No. CV 99-6907 RSWL, no such notice was provided in connection with this action.

of the bankruptcy estate, the entire action was subject to the automatic stay provisions of 11 U.S.C. § 362. See In re Folks, 211 B.R. 378, 384 (9th Cir. BAP 1997); In re Bateman, 135 B.R. 853, 855 (Bankr. N.D. Ind. 1991). Thus, the action should have been stayed as to all defendants, and the Court's Order dismissing the action as to all defendants other than Sanga was premature.

Accordingly, the Court hereby (1) vacates the Court's April 27, 2000, order of dismissal; (2) stays the entire action pending resolution of the pending bankruptcy proceedings; and (3) removes the case from the active case load. Counsel shall file a joint status report with the Court every 90 days until the bankruptcy proceedings are completed.

**IT IS SO ORDERED.**

*RONALD S. W. LEW*
**RONALD S.W. LEW**
United States District Judge

DATED: June 27, 2000

No. CV-99-12044 RSWL [Icon Capital Corp. v. Andrews, et al.: Request to Set Aside Order re Dismissal]

(orders\icon.stay\1)

3